UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Equal Employment Opportunity Commission,

Plaintiff

v.

MEMORANDUM OPINION
AND ORDER
Civil No. 01-705 (MJD/JGL)

Northwest Airlines, Inc.,

Defendant.

---

Laurie A. Vasichek, Equal Employment Opportunity Commission

Timothy S. Bland, Ford & Harrison, LLP and Kurt J. Erickson, Esq. for and on behalf of Defendant.

---

Plaintiff Equal Employment Opportunity Commission ("EEOC") filed an action against Defendant Northwest Airlines, Inc. ("NWA") in September 2000 in Tennessee alleging violation of Title I of the ADA in not hiring a person who had insulin dependent diabetes, on the grounds that the individual's medical condition could cause him to lose consciousness.[1] The individual in that action subsequently intervened, and that case is now in discovery.

The EEOC subsequently filed an action against NWA in Minnesota alleging a blanket exclusionary policy in refusing to hire people with certain medical conditions.[2]

[1]This action will be referred to as the "Tennessee action."

[2]This action will be referred to as the "Minnesota action."



FILED OCT 30 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

This suit is a class action suit on behalf of three identified individuals (two of whom applied for jobs in Minnesota, and one who applied for a job in Michigan), and others similarly situated.

NWA is incorporated in Minnesota and has its principal place of business there also. NWA also has hubs in Michigan and Tennessee. The job positions at issue here involve Equipment Service Employees ("ESE") and Cleaners. The intervening plaintiff in the Tennessee action, and two of the plaintiffs in the Minnesota action were applying to be ESEs. The other plaintiff in the Minnesota action was applying for the position of Cleaner.

Before the Court is NWA's motion for change of venue; to transfer this case to the Western District of Tennessee, Western Division.

Standard

A motion to transfer venue is governed by 28 U.S.C. § 1404(a), which provides:

> For the convenience of parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

With regard to the interests of justice factor, NWA argues that the Tennessee action and the Minnesota action will address the same issue. Therefore, if the cases are not consolidated in one venue, each case could produce different standards that the company is expected to follow. Given the nature of the airline industry, this could compromise the safety of passengers. NWA stresses that its requirements for ESEs and Cleaners are based on a need to keep all passengers safe, and that two rulings, with potentially different standards for NWA to follow, would not only be an administrative

nightmare, but could also compromise passenger safety.

NWA also argues that the Minnesota action is duplicative of the Tennessee action. Thus, to conserve judicial resources, transfer serves the interests of justice. NWA argues that duplicative actions are wasteful, and is what § 1404(a) was designed to prevent. NWA furthers argues that transfer to Tennessee, as opposed to Minnesota, makes sense as the Tennessee action has progressed further, the judge in Tennessee is more familiar with the case, and the dockets are generally less congested there.

The EEOC argues that the interests of justice do not mandate that the Minnesota case be transferred to Tennessee. First, it correctly notes that the presence of a related case elsewhere is not, by itself, a compelling reason to transfer a case. *Gregg Communications Systems, Inc. v. AT&T. Co.*, 575 F. Supp. 1269, 1270 (N.D. Ill. 1984). Further, the case in Tennessee is not the same case as the Minnesota action. The Minnesota action is a class action through which the class will attack a blanket exclusionary policy adopted by NWA. The Tennessee action, on the other hand, involves a discreet ADA claim, involving one plaintiff that was allegedly not hired for a position because of a medical problem.

With regard to the convenience of the parties and witnesses, NWA asserts that because there will be overlap in the documents and witnesses required for the two cases, it would be better to proceed in one forum rather than two. NWA cites the fact that the intervener in the Tennessee action has counsel in Tennessee who would be greatly inconvenienced in having to come to Minnesota if the cases were combined and venue transferred to Minnesota, as evidence that Tennessee is the more convenient forum.

Finally, NWA recognizes that historically, deference is usually given to the plaintiff's choice of forum. It argues that when two forums are chosen by the plaintiff, however, the first choice should carry weight, warranting transfer.

The EEOC argues that NWA has its principal place of business in Minnesota. Thus, its principal Human Resources personnel are located in Minnesota, the NWA managers that adopted the "zero acceptability" policy at issue in this case are located in Minnesota, and the medical clinic communicated its decisions to NWA employees located in Minnesota. Further, two of the named plaintiffs are Minnesota residents, and many of the class members either live in Minnesota or sought positions in Minnesota. Besides witnesses and parties, many of the documents pertaining to this action are located in Minnesota, and the ease with which to access them is increased by keeping the case in Minnesota.

The Court agrees that transfer is not warranted in this case, based on the Court's finding that these cases are sufficiently distinct, and because the convenience of the majority of the parties and witnesses will be served by keeping this case in Minnesota.

IT IS HEREBY ORDERED that Defendant Northwest Airlines, Inc.'s motion to transfer venue is DENIED.

Date: Oct. 30, 2001

Michael J. Davis
United States District Court