**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Equal Employment
Opportunity Commission,

Plaintiff,

vs.

Northwest Airlines, Inc.,

Defendant.

Civ. No. 01-705 (MJD/JGL)

**MEMORANDUM AND ORDER**

---

This matter is before the Court on Defendant's Motion to Dismiss, or alternatively, for Summary Judgment. For the reasons that follow, the Court denies Defendant's Motion.

**BACKGROUND**

Defendant Northwest Airlines, Inc., ("NWA") requires that job applicants successfully pass a pre-placement medical examination prior to being hired. Plaintiff Equal Employment Opportunity Commission's ("EEOC") three claimants were each denied employment with NWA in either ESE or Aircraft Cleaner positions due to medical restrictions arising from their diabetic or epileptic conditions. Plaintiff filed the underlying Amended Complaint against Defendant, alleging that NWA violated the American With Disabilities Act ("ADA") with its medical examination policy by categorically screening out insulin-dependent diabetics and anti-seizure medicated epileptics from obtaining employment as ESEs or Aircraft Cleaners. Plaintiff brought suit on behalf of the three identified claimants and others

FILED 8-14-02
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

similarly situated.

After submitting an Answer to Plaintiff's Amended Complaint, Defendant filed a Motion to Dismiss, or alternatively, for Summary Judgment. Defendant moved to dismiss the Amended Complaint under Rule 12(b)(6), arguing that Plaintiff had failed to establish a prima facie case showing that the named claimants were actually "disabled" and therefore had failed to state an ADA claim. In addition, Defendant asserts that the claimants did not satisfy the "qualified individuals with a disability" requirement of the ADA. Defendant also contends that the claimants failed to meet the class requirements of Fed. R. Civ. P. 23. Defendant denies using a blanket exclusionary policy, but argues that such a policy would be justified under the ADA for safety reasons. The parties agree to stay discovery pending resolution of Defendant's motion.

**DISCUSSION**

**1. Standard**

Defendant asserts its motion as a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Technically, however, a Rule 12(b)(6) motion cannot be filed after an answer has been submitted. Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990). Defendant has filed an Answer in this case. Accordingly, Defendant must bring the motion as a Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c). Indeed, a Rule 12(c) motion applies "[a]fter the pleadings are closed but within such time as not to delay the trial . . . ." Fed. R. Civ. P. 12(c). This distinction is purely formal, though, as the Court reviews a Rule

12(c) motion under the same standard that governs 12(b)(6) motions. Westcott, 901 F.2d at 1488.

On a motion to dismiss, the Court must assume that all well-pleaded factual allegations in the complaint are true and draw all reasonable inferences from the complaint most favorably to the non-moving party. Id. at 1488. The Court grants a motion to dismiss only if "it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." Id. (quotation omitted).

Furthermore, the Court will not, as Defendant suggests, convert this motion into one for summary judgment. Although the parties have submitted matters outside the pleadings, the Court will not consider those materials in this proceeding. No discovery has taken place in this matter. A non-moving party faced with a motion for summary judgment is entitled to discovery to obtain evidence necessary to support its arguments. NWA argues that the EEOC should not be allowed to conduct discovery, because discovery has already been conducted by the EEOC in the case of EEOC and Kevin Armstrong v. Northwest Airlines, Inc., filed in the Western District of Tennessee. If discovery is allowed, argues NWA, it should be limited to two issues: (1) whether NWA has a blanket exclusionary policy, and (2) if there is a blanket exclusionary policy, whether that policy violates the ADA. The Court concludes that the EEOC is entitled to conduct discovery without regard to the limitations that NWA seeks to impose upon it. The Armstrong case is not before this Court, and the discovery related to that case is not necessarily relevant to the current proceeding.

For all these reasons, the Court will proceed in the normal course and treat this motion as a motion to dismiss. Accordingly, the Court will address Defendant's arguments in turn.

**2. Fed. R. Civ. Pro. 23 Class Requirements**

Defendant first argues that a class action is not appropriate in the context of the ADA. The Court disagrees. The EEOC may properly bring the current ADA class action lawsuit notwithstanding the Fed. R. Civ. P. 23 class requirements. In General Tel. v. EEOC, 446 U.S. 318 (1980), the Supreme Court determined that the EEOC could seek classwide relief for sex discrimination under Title VII without certification as a class representative under Rule 23. The Court held that Rule 23 is not applicable to an enforcement action brought by the EEOC in its own name and pursuant to its authority under Title VII, § 706 to prevent unlawful discrimination. Id. at 323. The Court clearly indicated that "[w]hen the EEOC acts, albeit at the behest of and for the benefit of specific individuals, it acts also to vindicate the public interest in preventing employment discrimination." Id. at 326. Indeed, the Court explained further:

> [F]orcing EEOC civil actions into the Rule 23 model would in many cases distort the Rule as it is commonly interpreted. . . . Rule 23(a)...imposes the prerequisites of numerosity, commonality, typicality, and adequacy of representation. When considered in the light of these requirements, it is clear that the Rule was not designed to apply to EEOC actions brought in its own name for the enforcement of federal law.

Id. at 330 (footnote omitted). While General Tel. was decided prior to the existence of the ADA, the EEOC's enforcement powers under Title VII, §§ 706 and 707 were incorporated

by reference into the ADA. See 42 U.S.C. § 12117(a).

Defendant also argues that individualized inquiries are necessary to determine disability. Nevertheless, the same individualized inquiry attack on EEOC class actions has been rejected in the context of cases requiring individualized damage assessments, as well as in sexual harassment cases requiring individualized showings of subjective harm. See EEOC v. Dinuba Med. Clinic, 222 F.3d 580, 588 (9th Cir. 2000) (individualized damage assessments); EEOC v. Mitsubishi Motor Mfg. of Am., Inc., 990 F. Supp. 1059, 1076-79 (C.D.Ill. 1998) (sexual harassment); EEOC v. Dial Corp., 156 F. Supp. 2d 926, 945 (N.D. Ill. 2001) (sexual harassment).

Although NWA cites a variety of Rule 23 cases that use the individualized inquiry argument as justification for rejecting class treatment, these cases are not applicable to the present case. All but one of the cases cited were filed by private parties who are required to satisfy Rule 23. Even in the lone exception, Davoll v. Webb, 194 F.3d 1116 (10th Cir. 1999), the court denied class certification to the private plaintiffs while granting summary judgment to the Department of Justice on its claim that the defendant maintained a blanket exclusionary policy. Davoll, 194 F.3d at 1146-47 n.20.

Defendant's individualized inquiry attack is particularly inapplicable in this case, where the EEOC has charged NWA with having an illegal policy, as opposed to a few isolated incidents of discrimination. In Int'l Bhd. of Teamsters v. U.S., 431 U.S. 324 (1977), the Supreme Court recognized that the Government could establish a prima facie case of

pattern and practice discrimination at the initial liability stage without offering evidence that each person for whom it will ultimately seek relief was a victim of the employer's discriminatory policy. Id. at 360. Rather, a court may conduct additional proceedings to determine the scope of such individual relief and damages. Id. at 361.

Accordingly, for all these reasons, the Court rejects Defendant's argument.

**2. Sufficiency of the Pleadings**

Defendant also attacks the sufficiency of Plaintiff's Amended Complaint as failing to establish in several respects a prima facie case of discrimination under the ADA. Indeed, Defendant argues that the EEOC failed, at the pleading stage, to identify the specific major life activities on which the disability claims are based, the degree to which the claimants' conditions are controlled by medication, and the broad class of jobs from which claimants are excluded.

Notice pleading under Fed. R. Civ. P. 8(a)(2) only requires that the complaint provide a "short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court recently recognized that this short and plain statement rule does not contain a heightened standard for employment discrimination lawsuits. Swierkiewicz v. Sorema, 122 S.Ct. 992, 997-98 (2002). A plaintiff in an employment discrimination case need not plead a prima facie case in order to survive a motion to dismiss. Id. at 996. The Supreme Court made three important observations in support of its holding. First, not every employment discrimination case even requires the establishment of a prima facie case to succeed on the

merits. Id. at 997. Second, the requirements of a prima facie case could vary depending on the context of the situation and therefore "should not be transported into a rigid pleading standard for discrimination cases." Id. at 998. Finally, the Supreme Court pointed to the simple pleading standard of Rule 8(a)(2). The Supreme Court observed that the short and plain statement need only "give the defendant fair notice" of plaintiff's claim and the grounds upon which it rests. Id.

Furthermore, with respect to establishing "disability," four circuit courts have ruled that an ADA plaintiff, at the pleading stage, is not required to explicitly assert a substantially limited major life activity. EEOC v. J.R. Routh Packing Co., 246 F.3d 850, 852-55 (6th Cir. 2001); EEOC v. Browning Ferris, 225 F.3d 653, 2000 WL 1039469 (4th Cir. 2000) (unpublished); Menkowitz v. Pottstown Mem'l Med. Ctr., 154 F.3d 113, 117 n.2 (3d Cir. 1998); Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84, 133 F.3d 1054, 1059 (7th Cir. 1998). The Sixth Circuit also found that pleading an ability to medicate was not self-defeating to an ADA claim when the alleged result was only control, and not elimination, of the disability. J.R. Routh Packing Co., 246 F.3d at 854-55.

In the Amended Complaint, the EEOC sufficiently pleads that the claimants are disabled within the meaning of the ADA. The Amended Complaint also properly alleges that these claimants were rejected for Cleaner and ESE positions because of their disabilities, and that NWA maintained a blanket exclusionary policy that prevented anti-seizure medicated epileptics and insulin-dependent diabetics from holding Cleaner or ESE positions. The

EEOC has also alleged that NWA failed and refused to perform individualized assessment of these applicants and their ability to perform the job or their need for a reasonable accommodation. That Defendant answered the EEOC's Amended Complaint further demonstrates that the NWA received "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Sorema, 122 S.Ct. at 999. Defendant also argues that the EEOC has not sufficiently pled that claimants were "regarded as" disabled. However, Defendant's argument is without merit. The EEOC specifically alleges that claimants were disabled within the meaning of 42 U.S.C. § 12102(2), which includes subsection "c" containing the "regarded as" prong.

**4. Direct Threat Defense**

NWA also raises direct threat and business necessity defenses, arguing that claimants and putative class members would threaten themselves and others if employed in the ESE and Cleaner positions. However, this matter is before the Court on a motion to dismiss, and the Court has not converted the motion into one for summary judgment. Because the scope of this motion is limited, the Court will not address the merits of Defendant's arguments at this time.

**CONCLUSION**

Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, or alternatively for Summary Judgment (Clerk Doc. No. 34) is **DENIED**.

Dated: August 14, 2002

Michael J. Davis
United States District Court Judge