**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**

Plaintiff,

v.

**NORTHWEST AIRLINES, INC.,**

Defendant.

Civil No. 01-705 (MJD/JGL)

**O R D E R**

APPEARANCES

Laurie Vasichek, Esq., for Plaintiff

Gregory Stenmoe, Esq., and Kurt Erickson, Esq., for Defendant

JONATHAN LEBEDOFF, Chief United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Chief Magistrate Judge of District Court on December 10, 2002 on Plaintiff's Motion to Compel Discovery (Doc. No. 45) and Defendant's Motion for a Protective Order (Doc. No. 48). The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

**Plaintiff's Motion to Compel Discovery**

The Equal Employment Opportunity Commission ("EEOC") filed this class action under the Americans with Disabilities Act contending that

FILED 12-13-02
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Northwest Airlines, Inc. ("NWA") maintains a blanket policy excluding applicants from the positions of Equipment Service Employee ("ESE") and Airport Cleaner ("Cleaner") if the applicants pose a risk of loss of consciousness. The EEOC asserts claims for three individuals – two anti-seizure medicated epileptic applicants and one insulin-dependent diabetic applicant – and a class of similarly situated applicants. On August 23, 2002, the EEOC served one interrogatory and two document requests on NWA. The interrogatory sought the identity of all ESE and Cleaner applicants from whom NWA had revoked job offers during the class period from 1996 to present and the reason for the revocation. The document requests sought all documents related to the identified applicants and copies of NWA's pre-placement medical result forms, which are computerized records used by NWA to decide whether to retain or revoke applicants' conditional employment offers. NWA objected to the discovery requests on the grounds of relevance, attorney-client privilege, work product, overbreadth, and burden. NWA also stated it would provide responsive information only after a protective order was in place.

NWA's objections based on attorney-client privilege and work product are unfounded, and the parties are currently drafting a mutually acceptable protective order. These objections are therefore overruled. However, the Court agrees with NWA that the requests as framed are overly broad and burdensome and seek irrelevant information. The requests as

written would require NWA to provide information about 8000 applicants, most of whom are not similarly situated to the named plaintiffs or the proposed class as far as medical conditions or restrictions. Thus, the Court limits the requests to anti-seizure medicated epileptic applicants, insulin-dependent diabetic applicants, and other applicants who are similarly situated, meaning they have a medical condition that poses a risk of loss of consciousness or restrictions similar to those of the named plaintiffs such as no operation of dangerous moving equipment or company vehicles, no work at unprotected heights, no driving on the ramp, no rotating shifts, or no working alone. Information about this group of applicants is relevant to the EEOC's claim that NWA maintains a blanket policy excluding applicants from the ESE and Cleaner positions if they pose a risk of loss of consciousness.

The EEOC also asks the Court to order NWA to supplement its Rule 26 initial disclosures. NWA has agreed to supplement its disclosures, and this aspect of the EEOC's motion is therefore denied as moot.

**Defendant's Motion for a Protective Order**

At the hearing, the Court denied as moot Defendant's Motion for a Protective Order based on the representation by the parties that they were drafting a mutually acceptable protective order.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

(1) Plaintiff's Motion to Compel Discovery (Doc. No. 45) is **GRANTED IN PART** and **DENIED AS MOOT IN PART** as set forth fully in the body of this Order; and

(2) Defendant's Motion for a Protective Order (Doc. No. 48) is **DENIED AS MOOT**.

Dated: December 13, 2002

JONATHAN LEBEDOFF
Chief United States Magistrate Judge