IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 01-705 MJD/JGL |
| NORTHWEST AIRLINES, INC., | ) | |
| Defendant. | ) | |

**STIPULATED PROTECTIVE ORDER**

**WHEREAS**, the parties agree that all references herein to "Parties" refers to and includes Plaintiff Equal Employment Opportunity Commission ("EEOC" or "the Commission") and Defendant, Northwest Airlines, Inc. ("Northwest").

**WHEREAS**, the parties have made discovery requests and may in the future serve additional discovery requests;

**WHEREAS**, certain materials may be requested by the parties in the course of discovery that constitute or contain personal, private, confidential or proprietary information, ("Confidential Information") as more fully defined below in Paragraph 1;

**WHEREAS**, counsel for the parties are willing to enter into a Stipulation and Order as a condition to the disclosure and use of any such Confidential Information and/or inspection and copying of any such Confidential Information;

**WHEREAS**, counsel for the parties agree that an Order containing the terms set forth herein may be entered by the Court without further notice in order to set forth guidelines for the use of Confidential Information, while allowing the opportunity for reasonable discovery; and

1474222v2

FILED 2-14-03
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

**WHEREAS**, counsel for the parties agree that they will abide by the terms of this Stipulated Protective Order during the period prior to the Court's execution of this Stipulated Protective Order, whenever that may be,

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED AS FOLLOWS:**

1. Definition of Confidential Information. The following shall constitute Confidential Information:

(a) Documents containing personal information of employees of defendant, former employees and job applicants, including, but not limited to, performance ratings, supervisory notes, and discipline reports.

(b) Documents containing non-public financial information and other information of defendant that contains trade secrets, future business plans, market analysis, confidential research, development, and/or commercial proprietary information.

(c) Any document related to or describing any physical, mental, psychological or social condition and/or treatment rendered to employees, former employees and job applicants.

(d) Any financial information of charging parties, class members, Northwest employees and/or their spouses, including pay stubs, W2's and all income tax returns.

(e) Any testimony, extracts, summaries or other writings that disclose Confidential Information as defined in Paragraphs 1(a)-(d) above;

(f) Any information not defined in Paragraphs I (a)-(e) above, which the parties mutually agree to be confidential.

This Stipulated Protective Order shall not apply to documents or information obtained through sources other than the parties to this Stipulated Protective Order or to documents or information obtained by either party prior to the entry of this Order.

2. Designation of Confidential Information.

(a) The parties shall indicate the confidential nature of documents and other information to be produced and/or the confidential nature of testimony

affixing the word "CONFIDENTIAL" thereon or by identifying or by designating such documents, other information, and/or testimony as Confidential Information in writing or on the record in a deposition or other transcribed proceeding;

(b) The designation of Confidential Information shall appear on all documents or information containing such material, including portions of depositions, briefs, or correspondence. Confidential designations to deposition transcripts shall be made on the record during such deposition or within thirty (30) days after the party desiring such designation receives the transcript of such deposition.

(c) If material is too voluminous or it is impracticable to designate the material as Confidential Information, that material shall be so designated in the transmittal letter.

3. Confidential Information shall be used solely for the preparation, trial and/or settlement of the action, and shall not be communicated or used for any other purpose whatsoever except as compelled by court order.

4. Confidential Information shall not be given, shown, made available, communicated, or disclosed to anyone other than:

(a) The attorneys of record in this action and their associated attorneys, legal assistants, and staff members working on the action;

(b) The charging parties, class members, and Northwest's employees, advisors, or agents assisting the attorneys of record in this action; provided, however, that before any such person reviews or receives any Confidential Information, s/he must read a copy of this Stipulation and Protective Order and agree in writing to abide by the same by signing a document in the form of Exhibit A hereto unless that person is otherwise authorized to review the Confidential Information at issue in the normal course of their job duties or the Confidential Information is itself the private or personal documents of the person;

(c) Independent consultants and/or experts retained by the parties to work on the action; provided, however, that before any such consultant or expert is shown or receives any Confirmation Information s/he must read a copy of this Stipulation and Protective Order and agree in writing to abide by the the same by signing a document in the form of Exhibit A hereto;

(d) Witnesses interviewed by a party's representatives or attorney, or persons deposed in this lawsuit; provided, however, that before any information,

document or thing designated as Confidential Information is shown to a witness, s/he must read a copy of this Stipulation and Protective Order and agree in writing to abide by the same by signing a document in the form of Exhibit A hereto unless that person is otherwise authorized to review the Confidential Information at issue in the normal course of their job duties or the confidential information is itself the private or personal documents of the person;

(e) Other persons who the party's attorney or agent reasonably believes may assist in the preparation of this case; provided, however, that before any information, document or thing designated as Confidential Information is shown to a witness, s/he must read a copy of this Stipulation and Protective Order and agree in writing to abide by the same by signing a document in the form of Exhibit A hereto unless that person is otherwise authorized to review the Confidential Information at issue in the normal course of their job duties or the confidential information is itself the private or personal documents of the person;

(f) Stenographic reporters engaged for depositions or other proceedings necessary to the conduct of the action;

(g) Such persons as the undersigned counsel shall mutually consent to in writing or on the record prior to the proposed disclosure; and

(h) The Court and Court personnel;

5. If a dispute arises as to the designation of materials as Confidential Information, the parties agree to attempt to resolve the issue in good faith. If the matter is not resolved by the parties themselves, the parties challenging the confidential status of information claimed to be restricted by this Stipulation and Protective Order shall bring the dispute before the Court for a determination. The party that designated the material as confidential bears the burden of proving to the Court that document should continue to be designated as Confidential Information under the definition in Paragraph (1).

6. Except as expressly provided herein, nothing in this Stipulated Protective Order is intended to limit or have the effect of limiting either party's right to make use of such information for any purposes or uses permitted under the Federal Rules of Civil Procedure, or the Federal Rules of Evidence, at any time during the pretrial preparation or trial of this lawsuit or

any time up to and including the entry of judgment and conclusion of any appeals taken therefrom. Accordingly, subject to the Federal Rules of Evidence, materials protected by this Stipulated Protective Order may be offered in evidence at trial or at any court hearing subject to such protective measures as may be directed by this Court or agreed upon by the parties.

7. Confidential Information shall be placed under seal in submissions to the Court only where redacting, coding identities, summarizing or other objective treatment cannot be made.

8. In the event that any Confidential Information not covered by paragraph 7 above is filed, included in, or referred to in any paper filed with the Court, counsel responsible for such filing shall notify the Clerk of the Court in accordance with the Court's procedures at the time of filing that such paper contains Confidential Information protected by this Stipulation and Protective Order, and shall notify the other parties of the confidential nature of the filing. The Clerk of the Court shall keep such Confidential Information under seal until further order of the Court; provided, however, that access to such Confidential Information filed with the Court shall be afforded to the Court and to counsel for the undersigned parties.

9. If, at the time of trial or in connection with any pretrial or settlement hearing, counsel for a party intends to introduce any material made subject to this Stipulated Protective Order produced by any opposing party and designated by that opposing party as "CONFIDENTIAL," he or she shall so inform the Court and opposing counsel as far in advance as possible, and the Court may take such steps, at the request of the opposing counsel or on its own initiative, as it deems necessary to preserve the confidentiality of such material subject to this Stipulated Protective Order.

10. Neither the provision of this Stipulated Protective Order, nor any designation or failure to designate any particular information, document or material by a party as Confidential Information shall, in this litigation, constitute a waiver of the rights of a party to assert confidentiality with respect to any document, material, or information meeting the definition of Confidential Information in Paragraph 1 above. Upon discovery of an inadvertent non-designation the discovering party will immediately notify the opposing party and the information, document or material identified will be treated as if it had originally been designated as Confidential Information and will be subject to the terms of this Stipulated Protective Order. If a party produces multiple identical copies of a document (but with different bates numbers) and one has not been designated as confidential, all identical copies shall be treated according to the most restrictive designation.

11. Within sixty (60) days after the final termination of this action, including all appeals, and upon request of the producing party, all Confidential Information, all copies of such Confidential Information not covered by paragraph 7 above, and all excerpts, notes, extracts, summaries, and analyses therefrom shall be returned to the party who produced the Confidential Information or the party in possession of such Confidential Information shall certify, under oath, that such material has been destroyed; excepting (a) such documents or copies thereof that are part of counsel's correspondence, pleadings or experts file and (b) such documents or copies thereof as become part of the trial record, including those appended to pleadings, briefs, motions, and depositions, or admitted into evidence at trial.

12. Counsel for the designated parties hereby jointly apply to the Court for entry of an Order in accordance with the terms of this Stipulation.

13. The Order entered pursuant to the terms of this Stipulated Protective Order shall be without prejudice to the rights of any party to seek modification of its provisions by stipulation or upon motion duly noticed and served. This Stipulation and Order shall not constitute or be interpreted as a waiver of any objections or privileges relating to discovery, motions or trial, and shall not prevent either party from seeking protection of documents or information not covered by this Protective Order.

14. The Court shall retain jurisdiction for the purpose of ensuring compliance with the Order and granting such other and further relief as may be necessary.

**SO STIPULATED:**

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Date:

Laurie A. Vasichek
No. 171438
330 2nd Ave. S., Suite 430
Minneapolis, MN 55419
612-335-4061

Attorney for EEOC

NORTHWEST AIRLINES, INC.

Date: 2/6/03

Gregory J. Stenmoe
No. 131155
Briggs & Morgan
2400 IDS Center
80 South Eighth Street
Minneapolis, MN 55402

Attorney for Northwest Airlines, Inc.

**SO ORDERED:**

Date: 2/14/2003

Jonathan Lebedoff
Chief United States Magistrate Judge

# UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

OFFICE OF THE CLERK
300 S. FOURTH ST., SUITE 202
MINNEAPOLIS, MN 55415

# Clerk's Notice In Re: Protective Order

---

A Protective/ConfidentialityOrder has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

## *Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

## *Guidelines for filing with a U.S. District Judge or Magistrate Judge:*

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.

B:\FORMS\PROTECOR.NOT
Rev. 3/98