**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Equal Employment Opportunity Commission, | Case No. 01-705 (MJD/JGL) |
| Plaintiff, | **DEFENDANT NORTHWEST AIRLINES, INC.'S SECOND AMENDED ANSWER AND DEFENSES TO PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION'S FIRST AMENDED COMPLAINT** |
| vs. | |
| Northwest Airlines, Inc. | |
| Defendant. | |

Defendant Northwest Airlines, Inc. ("Defendant" or "Northwest"), for its Answer and Defenses to the First Amended Complaint ("Complaint"), states and alleges as follows:

1. Denies the allegations in the "NATURE OF THE ACTION" section of the Complaint. Admits in numbered paragraph 1 of the Complaint[1] that Plaintiff Equal Employment Opportunity Commission ("Plaintiff") is attempting to invoke the jurisdiction of the Court, but denies that such invocation is meritorious or proper. Denies all remaining allegations of improper conduct alleged in paragraph 1.

2. Denies that Northwest engaged in any discriminatory or any unlawful acts, and therefore denies the allegations in paragraph 2.

3. Admits in paragraph 3 that Plaintiff is authorized to bring this action, but, in so doing, denies that the action is meritorious. Admits the remaining allegations in paragraph 3.

4. Denies that Northwest is a Delaware Corporation. Admits that Northwest has done business in the State of Minnesota and in the City of Eagan. Admits further that Northwest

[1] Hereinafter references to numbered paragraphs are references to numbered paragraph in the Complaint.

currently has more than 15 employees. Northwest is without information sufficient to form a belief as to the truth of the remaining allegations in paragraph 4, namely, that facts alleged in paragraph 4 have occurred "at all relevant times," and hence denies the same.

5. Admits that Northwest has been an employer engaged in an industry affecting commerce under the statutes referenced by Plaintiff. However, Northwest is without information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5, namely, that the facts alleged in paragraph 5 have occurred "at all relevant times," and hence denies the same.

6. Admits that Northwest has been a covered entity under the statutes referenced by Plaintiff. However, Northwest is without information sufficient to form a belief as to the truth of the remaining allegations in paragraph 6, namely, that the facts alleged in paragraph 6 have occurred "at all relevant times," and hence denies the same.

7. Northwest is without information sufficient to form a belief as to the truth of the allegations in paragraph 7, and hence denies the same.

8. Admits in paragraph 8b. that Timothy Rued ("Rued") applied for a position as an Equipment Service Employee ("ESE") with Northwest in 1996, but denies the remaining allegations in this subparagraph. Denies the remaining allegations in paragraph 8, including in all of its subparagraphs.

9. Admits in paragraph 9b. that Larry Lewis ("Lewis") applied for a position as an ESE with Northwest in 1997, but denies the remaining allegations in this subparagraph. Denies the remaining allegations in paragraph 9, including in all of its subparagraphs.

10. Admits in paragraph 10b. that Serita Nellum ("Nellum") applied for a position as an Aircraft Cleaner ("Cleaner") with Northwest in 1998, but denies the remaining allegations in

this subparagraph. Denies the remaining allegations in paragraph 10, including in all of its subparagraphs.

11. Denies paragraph 11, including all of its subparagraphs.

12. Denies paragraph 12.

13. Denies paragraph 13.

14. Denies the allegations contained in Plaintiff's "PRAYER FOR RELIEF," including all of its subparagraphs. Northwest denies that Plaintiff is entitled to any relief."

15. Plaintiff's jury demand does not require a response.

16. Except as expressly admitted, denied, or otherwise answered above, denies each and every allegation in the Complaint.

**SEPARATE DEFENSES**

1. The Complaint fails to state a claim upon which relief can be granted.

2. Rued, Lewis, Nellum, and persons whom Plaintiff alleges are similar to Rued, Lewis, and Nellum, if any, are not disabled within the meaning of the Americans With Disabilities Act ("ADA").

3. Rued, Lewis, Nellum, and the persons Plaintiff asserts are similarly situated to Rued, Lewis, and Nellum, if any, are not "qualified individuals with a disability" under the ADA.

4. Northwest's conduct as alleged in the Complaint are neither discriminatory nor unlawful.

5. Northwest had legitimate, non-discriminatory reasons for the actions and decisions challenged in the Complaint.

6. Rued, Lewis, Nellum, and the persons Plaintiff asserts are similarly situated to Rued, Lewis, and Nellum, if any, constituted a direct threat to their own safety and/or the safety of others or were rejected due to business necessity.

7. Although Northwest denies that any actionable conduct occurred, Plaintiff, Lewis, Rued, and Nellum unreasonably failed to take advantage of the preventive and/or corrective opportunities provided by Northwest or to avoid harm otherwise.

8. The causes of action in the Complaint are barred by the principles of undue hardship and inability to reasonably accommodate, and failure to engage in the interactive accommodation process.

9. Northwest does not have sufficient knowledge or information to form a belief as to the character or extent of any alleged injuries to or damages sustained by Plaintiff, Rued, Lewis, and/or Nellum, and therefore denies the same and demands strict proof thereof.

10. If Plaintiff, Lewis, Rued, or Nellum were injured or damaged as alleged, such injuries or damages resulted from their wrongful actions or omissions, over which Northwest had no control, and for which Northwest has no responsibility or liability.

11. Plaintiff's alleged damages are based in whole or in part on Plaintiff's Rued's, Lewis', and Nellum's failure to mitigate damages.

12. Plaintiff is not entitled to any compensatory or punitive damages under 42 U.S.C. § 1981a because Northwest has demonstrated good faith efforts to reasonably accommodate persons listed in the Complaint.

13. Plaintiff is not entitled to punitive damages because Northwest did not act with maliciousness or reckless indifference to any of Plaintiff's, Lewis's, Rued's, or Nellum's rights or commit any knowing, wanton, intentional or malicious act.

14. The causes of action in the Complaint are subject to the damage limitations and exclusions set forth in the Civil Rights Act of 1991.

15. Plaintiff's claims that took place more than 300 days before the filing of Lewis's, Rued's, and Nellum's respective Charges of Discrimination are barred in whole or in part by the statutes of limitations in 42 U.S.C. § 2000e-5.

16. Claims in the Complaint that are not contained in Lewis's, Rued's, and Nellum's respective Charges of Discrimination are barred, in whole or in part, by the statutes of limitations in 42 U.S.C. § 2000e-5, by a lack of jurisdiction, and by the doctrine of failure to exhaust administrative remedies.

17. To the extent that Plaintiff asks the Court for equitable relief, its equitable claims are barred by the doctrines of election of remedies, unclean hands, laches, estoppel, and waiver.

18. Venue in this action is improper. Proper venue lies in United States District Court for the Western District of Tennessee, Western Division, because, among other reasons, Plaintiff has already sued Northwest over similar alleged employment practices in *EEOC et al., v. Northwest Airlines, Inc.*, No. 00-2916 G A (W.D. Tenn. 2000).

19. Plaintiffs' claims or damages therefrom or a portion thereof may be barred by the after-acquired evidence doctrine.

20. Plaintiffs' claims may be barred by the doctrine of laches as described in *EEOC v. Minnesota Beef Industries, Inc.*, No. 02-810 (DSD/SRN) 2003 WL 22956445 (D. Minn. Dec. 11, 2003).

WHEREFORE, Northwest prays that Plaintiff takes nothing by its Complaint, that its Complaint be dismissed with prejudice and on the merits, that Northwest be awarded its costs

and attorneys' fees herein, and that Northwest be awarded such other relief as the Court deems just and proper.

Dated: August 9, 2004

**BRIGGS AND MORGAN, P.A.**

By: s/ Jason M. Hedican
Gregory J. Stenmoe (#131155)
Jason M. Hedican (#271548)
2200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 977-8400

**ATTORNEYS FOR DEFENDANT**